UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY M. HENRY, | Civil No. 11-3136 (SRN/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| THE STATE OF MINNESOTA, and WASHINGTON COUNTY, | |
| Defendants. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

As far as the Court can tell, Plaintiff is a civilly committed detainee at the Minnesota Security Hospital in St. Peter, Minnesota.[1] Plaintiff is presently attempting to sue the State

---

[1] Plaintiff's submissions do not clearly identify his current legal status. However, Plaintiff's IFP application indicates that he is "being held at CRP St. Peters," which suggests that he is being detained against his will at the state treatment facility in St. Peter, Minnesota. ("CRP" apparently means "Competency Restoration Program.") Publicly accessible state court records indicate that Plaintiff was recently involved in a civil commitment proceeding in Washington County, Minnesota. Thus, all available information leads the Court to surmise that Plaintiff has been civilly committed by the State of Minnesota, and he is currently being detained at the state operated facility in St. Peter.

of Minnesota and Washington County (Minnesota).[2]

Plaintiff's complaint difficult to decipher. It is clear, however, that Plaintiff believes Defendants have caused him to be wrongly held in custody. Plaintiff is seeking a judgment against Defendants that would require (1) "the truth to be noted under case law," (2) "corrections to [his] med. file," and (3) "changes in DHS and how they treat mentley [sic] ill and misslabled [sic] people." (Complaint, p. 4, "Request for Relief.") Plaintiff is also seeking damages in the amount of $5,000,000.00. (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff has failed to state a cause of action because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994).

In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

---

[2] The State of Minnesota and Washington County are the only two parties listed as Defendants in the caption of Plaintiff's complaint. The "Parties" section of the complaint does not list the State of Minnesota as a Defendant, but does include "Washington Co. Goverment [sic] Ctr." as an additional Defendant. (Complaint, [Docket No. 1], p. 2.) Other individuals and entities are mentioned in other parts of Plaintiff's complaint, and it is unclear whether any of those parties are intended to be Defendants in this action. Plaintiff's failure to identify clearly exactly who he is attempting to sue has no direct bearing on the resolution of this case, because the Court finds (for reasons discussed below) that this action must be summarily dismissed, regardless of who Plaintiff might be attempting to sue.

> would render a conviction or sentence invalid..., plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted).

Even when a plaintiff demands only money damages, he cannot bring a non-habeas civil action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not presently challenging a state criminal conviction or sentence, and that he is (apparently) confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya,

No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); Nelson v. Suire, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("Heck applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

In this case, the Court finds that a judgment in Plaintiff's favor on his current claims for relief would necessarily cast doubt on the legality of his confinement. His complaint specifically indicates that he is seeking relief for "unlawful imprisonment." (Complaint, [Docket No. 1], "Jurisdiction," ¶ 4.A.) The complaint also includes other cryptic phrases, such as "They are besen [sic][3] case on enuendos [sic] and lies," and "Technocalities [sic] that left me incarserated [sic] wich [sic] is false imprisonment." (Id., Attachment, p. 2.) These allegations plainly imply that Plaintiff is directly or indirectly challenging the legality of his confinement. The Court also notes that the named Defendants, State of Minnesota and Washington County, presumably played significant roles in the proceedings that caused Plaintiff to be detained. This further suggests that Plaintiff is attempting to challenge the legality of his civil commitment. Thus, while it is not entirely clear exactly what Plaintiff is attempting to accomplish in this action, the Court finds that his current claims for relief could not be vindicated without undermining the legality of his confinement.

---

[3] Perhaps means "basing."

According to <u>Heck</u>, the present action is premature. Plaintiff cannot maintain a civil action seeking release from custody, or any other relief that would necessarily cast doubt on the validity of his confinement, without first securing a court order specifically invalidating his civil commitment. In other words, Plaintiff must <u>successfully challenge the civil commitment itself</u>, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on any allegedly wrongful acts or omissions that precipitated his civil commitment.[4] Because Plaintiff has not yet satisfied that requirement, this action is barred by <u>Heck</u>.[5] The Court therefore recommends that Plaintiff's IFP application be denied, and that this case be summarily dismissed without prejudice, pursuant to § 1915(e)(2)(B)(ii).

---

[4] Plaintiff's current complaint cannot be construed to be a habeas corpus petition, and entertained as such, because he has not shown that he has exhausted all available state court remedies, which he must do before seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2254(a) and (b). <u>See</u> <u>also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

[5] The Court further notes that even if this action were not barred by <u>Heck</u>, it still would have to be dismissed for failure to state an actionable claim for relief because Plaintiff's complaint does not describe any specific wrongful acts or omissions by the named Defendants. (Plaintiff seems to be contending that Defendant Washington County should be held vicariously liable for some wrongful acts or omissions by County employees, but the complaint does not attribute any specific wrongful conduct to any specific County employee(s).) The Court also notes that Defendant State of Minnesota is immune from suit in federal court under the Eleventh Amendment to the Constitution. Thus, even if Plaintiff's complaint were not <u>Heck</u>-barred, it still would have to be dismissed.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   November 8  , 2011

                                                      _s/ Tony N. Leung_
                                                      TONY L. LEUNG
                                                      United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **November 24, 2011**.